IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEAN-ALBERT AZEHKO, | ) | 8:11CV139 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN BLOOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 18, 2011. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against John Bloom, Rob Owens, Lasting Hope Recovery Center ("Lasting Hope"), and Alegent Health. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that he was admitted to Lasting Hope for depression on October 5, 2010. (*Id.* at CM/ECF p. 2.) Upon admission, he asked that Lasting Hope release to Community Alliance (a mental health center where Plaintiff had been receiving daily treatment) information relating *only* to the fact that he had been admitted to Lasting Hope. (*Id.*) Plaintiff specifically asked that Lasting Hope not release any other information to any party. (*Id.*) Liberally construed, Plaintiff alleges that Defendants violated his civil rights by providing protected health information to Community Alliance. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine

whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendants' release of Plaintiff's medical records, contrary to Plaintiff's wishes, violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936. However, there is no private right of action provided for HIPAA violations. *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (concluding that Congress did not intend for private enforcement of HIPAA); *Swift v. Lake Park High School Dist. 108*, No. 03 C 5003, 2003 WL 22388878, at *4 (N.D.Ill. Oct. 21, 2003) ("No federal court reviewing the matter has ever found that Congress intended HIPAA to create a private right of action."); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176, 1180 (D.Wyo. 2001) ("Review of HIPAA's enforcement

provisions reveals no congressional intent to create a private right or remedy."). Because there is no private right of action under HIPAA, this court does not have subject matter jurisdiction over Plaintiff's HIPAA privacy claim.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. All pending motions are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of August, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.